
FILED
2007 Nov-30 PM 01:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **THERESA LARKIN,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | **CASE NO. CV 06-B-1422-S** |
| | } | |
| **LARRY LANGFORD,** in his capacity as President of the Jefferson County Commission; **THE PERSONNEL BOARD OF JEFFERSON COUNTY, ALABAMA; COOPER GREEN HOSPITAL; KRISTA GALLIMORE,** in her official capacity as Director of Ancillary Services, | } } } } } } } } } } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motions for Summary Judgment. (Docs. 20, 23.)[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' Motions for Summary Judgement are due to be granted, and plaintiff's claims are to be dismissed with prejudice.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that defendants, the moving parties here, have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Plaintiff has not come forward with ***any*** evidence in response to this showing. Thus, plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that

there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of defendants is warranted.[2]

Therefore, defendants' Motions for Summary Judgment, (docs. 20, 23), are due to be granted and plaintiff's claims will be dismissed with prejudice. An order in accordance with this Memorandum Opinion order will be entered contemporaneously herewith.

**DONE** this the 30th day of November, 2007.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Exhibit A to the Scheduling Order, (doc. 17), requires the "opponent" to file her opposition "not later than 21 days" after the moving party files its motion for summary judgment. The Personnel Board of Jefferson County, Alabama's Motion for Summary Judgment was filed September 28, 2007; therefore, plaintiff's opposition was due no later than October 19, 2007. Larry Langford's, Cooper Green Hospital's, and Krista Gallimore's Motion for Summary Judgment was filed on October 1, 2007; therefore, plaintiff's opposition was due no later than October 22, 2007.